UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO ALONSO VALLEJO,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>                              Respondents. | Case No.:  26-CV-3536 JAO (VET)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Alberto Alonso Vallejo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Also before the Court is Respondents Christopher J. Larose's (Warden of Otay Mesa Detention center), Gregory J. Archambeault's (Immigration and Customs Enforcement San Diego Field Office Director), Todd Blanche's (Attorney General of the United States), Todd M. Lyons (Acting Director of Immigration and Customs Enforcement), and Markwayne Mullin (Secretary of the Department of Homeland Security) (collectively, "Respondents") Return to Habeas Petition.  ECF No. 4.

Petitioner, a citizen of Mexico, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs

Enforcement ("ICE") division at the Otay Mesa Detention Center since May 26, 2026. *See* ECF No. 1 ¶ 1. Petitioner claims that he is entitled to release and a bond hearing. *Id.*

Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1] *Id.* Although Respondents state that the Ninth Circuit has stayed application of that order beyond the Central District of California, they "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." ECF No. 4 at 1–2. Therefore, the Petition (ECF No. 1) is **GRANTED IN PART**.[2]

## I.    Attorney's Fees

Petitioner's counsel still requests costs and attorney's fees in this action pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 1 at 8. The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

---

[1] On December 18, 2025, the *Bautista* Court entered final judgment finding that the July 8, 2025, DHS Notice redefining who is considered an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) is unlawful under the Administrative Procedure Act. *See Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1102 (C.D. Cal. 2025).

[2] Petitioner makes a cursory argument that he should be released on due process grounds, *see* ECF No. 1 ¶¶ 6–9, 38–39, but the Court finds that a bond hearing is more appropriate here.

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.

**CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u>. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody.

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment. Petitioner's attorney is directed to submit an attorney fee application and corresponding billing records within <u>thirty (30) days</u> of this Order, and Respondents are instructed to file any opposition within <u>fourteen (14) days</u> of Petitioner's attorney fee application.

**IT IS SO ORDERED.**

Dated:  June 23, 2026

Jill A. Otake
United States District Judge

26-CV-3536 JAO (VET)